MONTIEL, Judge.
This is an appeal from the denial of a post-conviction petition. On May 21, 1990, the appellant filed a Rule 32, A.R.Cr.P., *219 post-conviction petition attacking his guilty plea conviction for third degree burglary in the Talladega Circuit Court. In his petition, the appellant alleged that he should not have been sentenced as a habitual offender because the State had failed to notify him that the Habitual Felony Offender Act would be invoked. The appellant also alleged that his trial counsel was ineffective because, he says, his attorney failed to investigate the facts of his case and his prior convictions. On July 9, 1990, the appellant filed an amendment to his post-conviction petition in which he made several other allegations of ineffective assistance of counsel. The appellant also stated that his guilty plea was involuntary and that the State did not prove his prior convictions. On December 31, 1990, the appellant filed what was styled as a “writ of habeas corpus” with the Talladega Circuit Court, alleging that the Habitual Felony Offender Act was unconstitutional. This is an allegation that is cognizable in a Rule 32, A.R.Cr.P., proceeding. See Drayton v. State, 600 So. 1088 (Ala.Crim.App.1992).
In Drayton, this court held that when a post-conviction petition seeking relief from conviction or sentence is filed with the circuit court, and that petition is not in the proper form according to Rule 32, notwithstanding how the petition is styled, the circuit court should allow the petitioner to file the proper form prescribed by Rule 32. However, this procedure should not be followed when the petitioner has another post-conviction petition pending in the same circuit court. Rule 32.7, A.R.Crim.P., provides that once a post-conviction petition is filed, “[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.” “This liberality of amendment should foster the raising of any issue by the petitioner.” The obvious purpose behind this rule is to give the petitioner the opportunity to have all allegations addressed at one time, even those allegations that were, for whatever reason, not included in the original petition.
In the case at bar, the appellant did raise additional allegations in an amendment to his original petition. He also raised an additional allegation in his petition styled as a petition for writ of habeas corpus. Although the trial court did not label this allegation as an “amendment” to the original petition, it clearly considered and treated it as such. Thus, the trial court correctly considered in a single proceeding all of the allegations raised by the petitioner.
On September 9, 1991, a hearing was held on the petitioner’s allegations, and the circuit court found all the allegations to be without merit. The circuit court’s findings are clearly supported by the record. The State introduced the Ireland form that the appellant signed prior to his guilty plea. This form correctly stated the minimum and maximum sentence for a Class C felony when the defendant has two prior felony convictions. The court files showed proof of two prior convictions. The appellant’s trial counsel stated that he correctly informed the appellant of the range of punishment that he could receive. The trial court correctly denied the appellant’s post-conviction petitions.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.